MARY TESTERMAN DUVOISIN, ATTORNEY NO. 163514
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
402 WEST BROADWAY, SUITE 600
SAN DIEGO, CA 92101-8511
(619) 557-5013

Attorney for
TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re: | Case No. 15-01068-CL11 |
| PREMIER GOLF PROPERTIES LP., | STATEMENT OF POSITION OF UNITED STATES TRUSTEE |
| Debtor and Debtor in Possession. | Hearing Date: None |

The United States Trustee responds to the APPLICATION FOR EMPLOYMENT OF JACK F. FITZMAURICE, EQ., AS GENERAL BANKRUPTCY COUNSEL FOR DEBTOR IN POSSESSION ("Application") as follows:

_____    The United States Trustee takes no position.

_____    The United States Trustee has no objection.

_____    The United States Trustee objects and requests a hearing.

  XX      The United States Trustee objects as set forth below.

/ / /

/ / /

/ / /

On February 27, 2015, the Office of the United States Trustee ("UST") received the Debtor's Application to employ Jack F. Fitzmaurice. ("Fitzmaurice") as General Counsel for the Debtor-In-Possession, ("Application"), to be effective as of the Chapter 11 Petition Date. Based on Local Bankruptcy Rule 9034 ("LBR") the AUST has until March 11, 2015 to respond. The Acting United States Trustee ("AUST) objects to the employment of Jack F. Fitzmaurice ("Fitzmaurice"), based upon the following:

1. **POST PETITION PAYMENT**

Pursuant to 11 U.S.C. §§330 and 331, the Debtor cannot pay any post-petition fees to Fitzmaurice without prior authorization from the Court, and the Debtor would be required, pursuant to Fed. R. Bankr. P. 2002(a) (6), to notice creditors prior to such payment since the request for compensation of fees and expenses exceeds $1,000.00.

The Application on page 3 Part III lines 21-23 states that counsel has agreed to represent Debtor upon terms calling for payment of $10,000.00 per month. The Fee Agreement attached to the application also contains the condition on Page 4 Paragraph one: "In addition and to cover for all expected actual and necessary time spent on your behalf you agree to pay the sum of $10,000.00 per month."

The Bankruptcy Code does not permit professionals employed in a bankruptcy case to be paid without obtaining court approval [11 U.S.C.§330]. In addition, the requirement of payment of $10,000.00 per month would be considered a post-petition-payment from the bankruptcy estate property which would require a notice to all creditors and a hearing on same [See 11 U.S.C. §363].

Further, post-petition monthly payment of $10,000.00 per month would create a situation where counsel is being given preferential treatment over creditors. These post-petition monthly payments of $10,000.00 would deplete and lessen the value of the bankruptcy estate which is prohibited and would create a situation where counsel is not disinterested. Section 327(a) requires a two-prong standard for employment of professionals: (1) a disinterested person and (2) a person who does not hold or represent an interest adverse to the estate. 11 U.S.C. § 327(a);

*Envirodyne Indus., Inc.*, 150 B.R. 1008, 1016 (Bankr.N.D.Ill. 1993). The disinterested person is defined in the Bankruptcy Code, in relevant part, as "a person that ... does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or for any other reason." 11 U.S.C. § 101(14)(C). The Bankruptcy Code does not define "adverse interest."

> However, by judicial definition, 'to hold an adverse interest' means (i) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (ii) to possess a predisposition under circumstances that render such bias against the estate. To 'represent an adverse interest' means to serve as agent or attorney for any individual or entity holding such an adverse interest. *Envirodyne*, 150 B.R. at 1016-17.

2.  **PROPOSED ORDER**

The Application that is filed with the Court should include a proposed order which provides that no fees or costs will be paid to the firm without prior authorization from the Court.

Respectfully submitted,

TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

Dated: March 5, 2015        By: /s/ Mary J DuVoisin
                                Mary Testerman DuVoisin,
                                Attorney for the Acting
                                United States Trustee